IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| SCOTT MCKINLEY PARKER, ) | |
| ) | No. 0:13-cv-00153-DCN |
| Claimant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security,* ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on United States Magistrate Judge Paige J. Gossett's report and recommendation ("R&R") that the court reverse and remand the Acting Commissioner of Social Security Carolyn W. Colvin's decision to deny claimant Scott McKinley Parker's ("Parker") application for disability insurance benefits ("DIB"). The Commissioner filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and remands the case for further administrative proceedings.

## I.  BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

Parker filed an application for DIB in October 2010, alleging that he had been disabled since June 1, 2001. The Social Security Administration ("the Agency") denied Parker's application both initially and on reconsideration. Parker requested a hearing before an administrative law judge ("ALJ") and ALJ Brendan F. Flanagan presided over a hearing held on June 30, 2011. At this hearing, Parker amended his alleged onset date to August 2, 2010. In a decision issued on August 26, 2011, the ALJ determined that

1

Parker was not disabled. This decision became the final decision of the Commissioner when the Appeals Council denied further review on June 13, 2012.

Parker filed this action for judicial review on January 15, 2013. On July 10, 2013, he filed a brief requesting that the Commissioner's decision be reversed and the case remanded to the Agency for further consideration. On August 22, 2013, the Commissioner filed a brief contending that her decision should be upheld. On May 22, 2014, the magistrate judge issued the R&R, recommending that the Commissioner's decision be reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner objected to portions of the R&R on June 9, 2014 and Parker replied to those objections on June 13, 2014. This matter has been fully briefed and is now ripe for the court's review.

### B. Parker's Medical History

Because a comprehensive description of Parker's medical history is not particularly helpful to the resolution of this case, the court here recites only a few relevant facts. Parker was forty years old on his amended alleged disability onset date. He has a high school education and past relevant work experience as a booking officer, a customer service representative, an account credit clerk, and an automobile salesperson. In his application, Parker alleged disability due to high blood pressure, bipolar disorder, and social anxiety.

### C. ALJ's Findings

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

To determine whether Parker was disabled from August 2, 2010 through the date of his decision, the ALJ employed the statutorily-required five-step sequential evaluation process. At step one, the ALJ found that Parker did not engage in substantial gainful activity during the period at issue. Tr. 28. At step two, the ALJ found that Parker suffered from the following severe impairments: bipolar disorder, panic disorder with agoraphobia, obstructive sleep apnea, and fibromyalgia. Id. At step three, the ALJ found that Parker's impairments or combination thereof did not meet or medically equal one of

the impairments listed in the Agency's Listing of Impairments. Tr. 30. Before reaching the fourth step, the ALJ determined that Parker retained the residual functional capacity ("RFC") to perform light work with several restrictions. Tr. 30-31. Specifically, the ALJ limited Parker to "simple, routine, repetitive tasks with no more than frequent interaction with others" and found he could "concentrate and persist for two hour segments." Tr. 31. The ALJ further determined Parker "is to avoid more than frequent balancing, stooping, kneeling, crouching, crawling, or climbing of stairs or ramps," as well as "all exposure to extremes of temperature, humidity, irritants or climbing of ropes, ladders or scaffolds." Tr. 30. At step four, the ALJ found that Parker was unable to perform any of his past relevant work. Tr. 32. Finally, at the fifth step, the ALJ found that Parker could perform jobs existing in significant numbers in the national economy and concluded, therefore, that he was not disabled during the period at issue. Tr. 33.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907

F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id.

### III.   DISCUSSION

Parker initially argued that the Commissioner's decision must be reversed because:  (1) the ALJ improperly considered the opinions of Parker's treating physician; (2) the ALJ improperly assessed Parker's combination of impairments; (3) the ALJ improperly evaluated Parker's credibility; and (4) the ALJ improperly relied on flawed vocational expert testimony.  In the R&R, the magistrate judge determined that the ALJ committed reversible error with respect to his consideration of the opinion of Raul Soto-Acosta, M.D.  Because the magistrate judge recommended remand with respect to Parker's first argument, she did not consider his three others.  The Commissioner objects to the magistrate judge's finding, arguing that the ALJ's finding was supported by substantial evidence.

Social Security regulations require the ALJ to consider all of the medical opinions in a claimant's case record, as well as the rest of the relevant evidence.  20 C.F.R. § 404.1527(c). Medical opinions are evaluated pursuant to the following non-exclusive list: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005).  In general, more

weight is given to the opinion of a "source who has examined [a claimant] than to the opinion of a source who has not," 20 C.F.R. § 404.1527(c)(1), but "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). The ALJ must also give specific reasons for the weight given to a treating physician's medical opinion. See SSR 96-2p.

The ALJ accorded little weight to the opinion of Parker's treating physician, Dr. Soto-Acosta. Tr. 32. Specifically, the ALJ found:

> The opinions of Dr. Acosta that the claimant had marked limitations of functioning were rendered immediately after a decline in the claimant's functioning, due to bereavement. Furthermore, Dr. Acosta, who only began treating the claimant in November 2010, speculated that the claimant's symptoms had been present since August and there is no evidence how he arrived at that conclusion. His opinion is undermined by his own notes showing GAF scores of 55, 60 and 70, which do not indicate severely disabling conditions. The opinions of Dr. Acosta were not consistent with the weight of the evidence, and they likewise have been given little weight.

Tr. 32.

The ALJ's primary reason for discounting Dr. Soto-Acosta's opinion is inconsistency with GAF scores. As an initial matter, "[w]ithout additional context, a GAF score is not meaningful." Green v. Astrue, No. 1:10-cv-1840, 2011 WL 1770262, *18 (D.S.C. May 9, 2011); see also Parker v. Astrue, 664 F. Supp. 2d 544, 557 (D.S.C. 2009) (stating that a plaintiff's "GAF score is only a snapshot in time, and not indicative of Plaintiff's long term level of functioning"). Other courts have found that an inconsistent GAF score alone, without further context and additional evidence, is insufficient to discount a treating physician's opinions. See Green, 2011 WL 1770262, at *18 (finding "the ALJ erred in relying heavily on [a GAF score] in discounting the

6

opinion of Plaintiff's treating psychiatrist"); Atkinson v. Astrue, 2011 WL 4085414, *11 (E.D. Cal. Sept. 13, 2011) ("Where an ALJ fails to give specific reasons for rejecting an opinion due to an inconsistency related to GAF scores, or fails to identify substantial evidence in the record supporting the rejection, the ALJ's decision is erroneous."); cf. Radley v. Colvin, No. 6:13-cv-569, 2014 WL 3571446, *26 (D.S.C. July 17, 2014) ("To the extent the ALJ's citation to the GAF scores in assessing [the treating physician's] opinions of the plaintiff's limitations due to pain was in error, the undersigned finds that such error was at most harmless as the ALJ gave several valid reasons for discounting [the treating physician's] opinion.").

The Commissioner, seemingly acknowledging that GAF scores alone are insufficient to discount a treating physician's opinion, argues that the ALJ "did not rely solely on inconsistent GAF scores," but also noted that Dr. Soto-Acosta's opinions were "unsupported by the doctor's own treatment note observations and inconsistent with additional evidence of record." Def.'s Objections 2. However, these additional reasons lack the specificity necessary to discount a treating physician's opinion. Indeed, the ALJ gives little insight into what specific evidence, beyond the inconsistent GAF scores, led him to discount the treating physician's opinions. Therefore, the court cannot adequately determine whether his decision to accord little weight to Dr. Acosta's opinions is supported by substantial evidence.

Because the ALJ's decision regarding a treating physician's opinion is deficient, it is necessary to remand the case to the Commissioner for further administrative action. When reviewing the case on remand, the ALJ should consider each of Parker's other allegations of error.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's report & recommendation, ECF No. 12, **REVERSES** the Commissioner's decision, and **REMANDS** under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 25, 2014**
**Charleston, South Carolina**